IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DESTINY CHARITY ROSE TEEL, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-23-1694 |
| MARYLAND NATURAL | * | |
| TREATMENT SOLUTIONS, LLC, | | |
| | * | |
| *Defendant*. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Plaintiff Destiny Charity Rose Teel brings this suit against her former employer, Maryland Natural Treatment Solutions, LLC ("MNTS"), for three counts under the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code Ann., State Gov't §§ 20-601, *et seq.* Teel has Multiple Sclerosis ("MS"), a degenerative neurological disease, and is an insulin resistant pre-diabetic (ECF No. 17 ¶¶ 1–2.). She alleges that MNTS denied her requests for reasonable accommodations for her disability and harassed her. She filed her original Complaint in the Circuit Court for Anne Arundel County. (ECF No. 2.) MNTS removed to this Court (ECF No. 1) based on diversity of citizenship[1] and filed a partial Motion to Dismiss

---

[1] MNTS is a limited liability company comprised of a single member, Natural Treatment Solutions, LLC, which in turn is a limited liability company composed of two members: Stephen Dorf and Maria Archos. (ECF No. 1 ¶ 3.) Both Dorf and Archos are domiciled in, residents of, and citizens of the State of Illinois. (*Id.*) "For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Cent. W. Va. Energy Co. v. Mountain State Carbon*, 636 F.3d 101, 103 (4th Cir. 2011). There is therefore diversity of citizenship between Teel, a resident of Maryland, and MNTS.

(ECF No. 13). Teel subsequently filed an Amended Complaint (ECF No. 17), rendering the previous motion to dismiss (ECF No. 13) MOOT. The Amended Complaint brings three counts under the MFEPA: disability discrimination (Count I), failure to accommodate disability (Count II), and hostile work environment (Count III).

Presently pending is MNTS's partial Motion to Dismiss (ECF No. 19). MNTS seeks to dismiss any portion of Count I (disability discrimination) that relies on any alleged events prior to November 12, 2021, and it also seeks to dismiss Count II (failure to accommodate disability) in its entirety.[2] The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons stated below, MNTS's Patrial Motion to Dismiss (ECF No. 19) is GRANTED. Count I is limited to events that post-date November 12, 2021, and Count II is DISMISSED WITH PREJUDICE.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Except where otherwise indicated, the following facts are derived from Plaintiffs' Complaint, and accepted as true for the purpose of Defendant's Motion to Dismiss.

Plaintiff Destiny Charity Rose Teel has Multiple Sclerosis ("MS"), a degenerative neurological disease, and is an insulin resistant pre-diabetic. (ECF No. 17 ¶¶ 1–2.) Defendant Maryland Natural Treatment Solutions, LLC ("MNTS"), a medical cannabis dispensary, hired

---

[2] There is no effort to dismiss Count III (hostile work environment).

Teel as a Patient Care Advisor on February 22, 2021. (*Id.* ¶¶ 4, 11.) In April 2021, Teel allegedly began to be harassed because of her condition by her coworkers. (*Id.* ¶ 9.) One coworker, Patient Care Advisor Sydney Thompson, allegedly threw papers at her, undermined her in front of patients, glared at her, talked to her in a hostile and aggressive tone, and made physical threats towards her. (*Id.* ¶¶ 10–15.) The harassment caused Teel anxiety and depression. (*Id.* ¶ 16.) Teel approached MNTS's General Manager, Michael Maviglia, Assistant Manager, Kyler Herbert, and another member of MNTS management, Caitlin Gillespie, to request separation from Thompson and to address her need for accommodations. (*Id.* ¶ 17.) She requested the ability to use frequent bathroom breaks to accommodate her bladder urgency related to her MS and to take additional breaks to eat to manage her pre-diabetes. (*Id.* ¶¶ 18–22.) Gillespie asked in response, "do you really need to eat that often?" (*Id.* ¶ 23.) The managers refused to accommodate her and defended Thompson, stating that "it's not personal," "that's not happening," "don't point out others' mistakes," and "you just needed to be nicer to her, because she [Thompson] was going through something." (*Id.* ¶¶ 24–25.) Maviglia and Herbert said that Teel's "health problems aren't a business concern," and the managers said that Teel was being insubordinate and did not want to work. (*Id.* ¶¶ 26–27.) A subsequent meeting on Mary 23, 2021 did not resolve the issues. (*Id.* ¶ 31.)

In August 2021, another coworker, Patient Care Advisor Justin Morris, allegedly began harassing and verbally abusing Teel. (*Id.* ¶ 32.) On September 13, 2021, Teel had a MS flare that caused numbness on the left side of her body. (*Id.* ¶ 36.) Teel asked Gillespie for leave from work to go to the hospital, but Gillespie denied the request. (*Id.* ¶¶ 37–38.) On September 27, 2021, Teel contacted MNTS Human Resource Representative Keena Story to reassert her

requests for accommodation. (*Id.* ¶ 39.) Story responded that Teel needed to provide substantiating documentation regarding her disability. (*Id.* ¶ 40.) Teel did not submit the documentation until January 10, 2022. (ECF No. 19-3 at 2.)

On October 21, 2021, Thompson's abuse of Teel worsened, as she denied Teel's requests to use the bathroom and sang inappropriate songs directed towards Teel in front of patients. (ECF No. 17 ¶¶ 29–30.) That same day, Herbert and Gillespie again denied Teel's request for leave when she was experiencing a flare-up of her MS symptoms because "nobody would cover" for her while sick, even though Teel had informed MNTS the previous day that she was not feeling well. (*Id.* ¶¶ 42–43.) On November 29, 2021, Morris ridiculed Teel in front of other staff for a mistake Teel made. (*Id.* ¶¶ 33–34.) Teel complained to MNTS management about the incident, but nothing was done in response and Morris was later promoted to Assistant Manager. (*Id.* ¶¶ 32, 35.) On December 14, 2021, Teel emailed Story to follow up, stating that it had been eight months since Teel began reporting Thompson's and Morris's conduct to her supervisors. (*Id.* ¶¶ 44–45.) By January 10, 2022, Teel had not received a response from Story. (*Id.* ¶¶ 47.) Teel submitted her two weeks' notice that day, and Story confirmed that Teel's last day of employment would be January 24, 2022. (*Id.* ¶¶ 50–51.) On January 16, 2022, Teel received a phone call from Assistant Manager Kyler Herbert in which he stated, "we no longer need you, your position has been filled." (*Id.* ¶ 52.) Teel was fired shortly thereafter without further explanation, and she was replaced with a non-disabled employee. (*Id.* ¶¶ 52, 65.) Her entire period of employment lasted slightly less than eleven months.

On September 8, 2022, Teel cross-filed a timely charge of discrimination with the U.S. Equal Employment Opportunity Commission and the Maryland Commission for Civil Rights. ("the MCCR Complaint") (*Id.* ¶ 5.) On May 8, 2023, Teel filed suit against MNTS in the Circuit Court for Anne Arundel County, Maryland. (ECF No. 1 ¶ 1.) The Original Complaint brought three counts under the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't §§ 20-601, *et seq.*: disability discrimination (Count I), failure to accommodate disability (Count II), and hostile work environment (Count III). (ECF No. 2.) On June 22, 2023, MNTS removed to this Court on the basis of diversity jurisdiction. (ECF No. 1 ¶ 2.) MNTS is a limited liability company composed of a sole member, Natural Treatment Solutions, LLC, which in turn is a limited liability company composed of two members: Stephen Dorf and Maria Archos. (*Id.* ¶ 3.) Both Dorf and Archos are domiciled in, residents of, and citizens of the State of Illinois. (*Id.*)[3] MNTS filed a Partial Motion to Dismiss on July 13, 2023. (ECF No. 13.) On August 10, 2023, Teel filed an Amended Complaint that provided some additional factual allegations but maintained the same three counts under the Maryland Fair Employment Practices Act. (ECF No. 17.)

Presently pending is MNTS's Partial Motion to Dismiss. (ECF No. 19.) In it, MNTS seeks to dismiss any portion of Counts I and II premised on alleged acts that occurred before November 12, 2021. (ECF No. 19-1 at 2.) Additionally, MNTS seeks the dismissal of Count II in its entirety. (*Id.*) MNTS argues that Counts I and II are based on alleged acts of discrimination that occurred more than 300 days before Teel filed her MCCR Complaint on

---

[3] "For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Cent. W. Va. Energy Co. v. Mountain State Carbon*, 636 F.3d 101, 103 (4th Cir. 2011).

September 8, 2022.[4] Accordingly, MNTS argues that, as a matter of law, any claim based on alleged acts of discrimination that occurred prior to November 12, 2021 (300 days before the MCCR Complaint was filed) is untimely. Teel responds that she satisfied the administrative exhaustion requirement and that her claims should proceed in full. (ECF No. 22.) The matter is ripe for review.

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille,*

---

[4] "A complaint alleging an unlawful employment practice other than harassment must be filed with the MCCR within 300 days of the date of the act alleged." *Mack v. Maryland Dep't of Hum. Servs.*, No. CV DLB-23-1577, 2024 WL 580672, at *4 (D. Md. Feb. 13, 2024) (citing Md. Code Ann., State Gov't § 20-1004(c)(2)(i); *Gibson v. Maryland Motor Vehicle Admin.*, No. CV 20-3220-BAH, 2024 WL 51132, at *11 (D. Md. Jan. 4, 2024))). Discriminatory acts that occurred more than 300 days prior to the filing of a MCCR Complaint may not be considered as the basis for a claim of discrimination unless they are "related to a timely incident as a 'series of separate but related acts' amounting to a continuing violation." *Beall v. Abbott Labs.*, 130 F.3d 614, 620 (4th Cir. 1997) (quoting *Jenkins v. Home Ins. Co.*, 635 F.2d 310, 312 (4th Cir. 1980) (per curiam)).

*LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011). "In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). "[I]t is well established that a document attached to a motion to dismiss may be considered when evaluating a motion to dismiss if the document was 'integral to the complaint and authentic.'" *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 164 (4th Cir. 2016) (quoting *Trimble*, 484 F.3d at 705).

## ANALYSIS

Under Maryland's Fair Employment Practices Act ("MFEPA"), an employer may not discharge or otherwise discriminate against an employee because of the employee's disability. Md. Code Ann., State Gov't § 20-606. Additionally, the employer may not "fail or refuse to make a reasonable accommodation for the known disability of an otherwise qualified employee or an applicant for employment." *Id.* In 2007, the Maryland General Assembly amended the MFEPA to provide a private cause of action for employment discrimination. *See*

S.B. 678/H.B. 314, 2007 Md. Laws, Chs. 176 & 177, *codified as amended at* Md. Code Ann., State Gov't §§ 20-601, *et seq.* A plaintiff may bring a civil MFEPA action where (1) "the complainant initially filed a timely administrative charge or a complaint under federal, State, or local law alleging an unlawful employment practice by the respondent;" (2) 180 days have passed since the filing of that charge or complaint; and (3) the civil action is filed within two years after the alleged discrimination occurred. *Id.* § 20-1013. The MFEPA contains functionally identical prohibitions and is evaluated under the same framework as the Americans with Disabilities Act, 42 U.S.C. § 12112(a). *See Miller v. Maryland Dep't of Nat. Res.*, 813 F. App'x 869, 874 (4th Cir. 2020); *Peninsula Reg'l Med. Ctr. v. Adkins*, 137 A.3d 211, 223–24 (Md. 2016).

As noted above, any discriminatory acts occurring before the 300 days prior to the filing of a MCCR Complaint may not be considered as the basis for a claim of discrimination unless they are "related to a timely incident as a 'series of separate but related acts' amounting to a continuing violation." *Beall v. Abbott Labs.*, 130 F.3d 614, 620 (4th Cir. 1997) (quoting *Jenkins v. Home Ins. Co.*, 635 F.2d 310, 312 (4th Cir. 1980) (per curiam)); *see also Mack v. Maryland Dep't of Hum. Servs.*, No. CV DLB-23-1577, 2024 WL 580672, at *4 (D. Md. Feb. 13, 2024) ("A complaint alleging an unlawful employment practice other than harassment must be filed with the MCCR within 300 days of the date of the act alleged." (citing Md. Code Ann., State Gov't § 20-1004(c)(2)(i); *Gibson v. Maryland Motor Vehicle Admin.*, No. CV 20-3220-BAH, 2024 WL 51132, at *11 (D. Md. Jan. 4, 2024))). As Judge Hurson of this Court has explained, "[h]owever, when alleging *harassment* against an employer, a complaint is timely if it is filed within two years after the date on which the alleged harassment occurred." *Gibson*, 2024 WL 51132, at *11 (citing Md. Code Ann., State Gov't § 20-1004(c)(3)). Hostile work environment

claims and claims of "discrete acts" of discrimination differ for these purposes. *Allen v. Discovery Commc'ns, LLC*, PWG-15-1817, 2016 WL 5404558, at *5 (D. Md. Sept. 28, 2016). As Judge Blake of this Court has noted, "[i]n contrast to claims based on discrete acts of discrimination, '[a] hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" *Fisher v. J.O. Spice & Cure Co., Inc.*, No. CV CCB-19-1793, 2020 WL 363347, at *2 (D. Md. Jan. 22, 2020) (second alteration in original) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002)). In *Morgan*, the United States Supreme Court determined that, unlike hostile work environment claims, claims of "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." 536 U.S. at 113.

In this case, Teel filed her MCCR Complaint on September 8, 2022. (ECF No. 17 ¶ 5; ECF No. 19-2.) Any alleged acts of discrimination that took place more than three hundred days prior to that date of filing are untimely and cannot form the basis of Teel's MFEPA discrimination claim in Count I. Accordingly, any alleged acts of discrimination that took place before November 12, 2021 are time barred. This includes essentially all of the alleged acts in the Amended Complaint except for Teel's allegations regarding Justin Morris's public shaming of her and the termination of her employment with MNTS. Teel in fact admits that her "discrimination claim (Count I) arises from her constructive discharge on January 10, 2022, and her termination on January 16, 2022, that occurred after November 12, 2021." (ECF No. 22 at 4.) These allegations are not time barred, which is why only part of Count I is being dismissed. However, as explained above, alleged events that pre-date November 12, 2021 cannot serve as the basis for Teel's claim in Count I. *See Morgan*, 536 U.S. at 113 (2002)

("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."). Accordingly, the discriminatory claims in Count I are limited to alleged events that post-date November 12, 2021.

Count II similarly relies on allegations that are time barred, but to an even greater extent. Count II is a failure-to-accommodate claim that relies on Teel's allegations regarding MNTS's conduct prior to November 12, 2021. Nearly all of Teel's allegations regarding MNTS's alleged failure to accommodate, including the alleged denials of Teel's accommodation requests, allegedly occurred prior to the November 12, 2021 cutoff date. (*See* ECF No. 17 ¶¶ 22, 24, 31, 36–38, 42.) The only allegation pertinent to Count II that post-dates the November 12, 2021 cutoff date is Teel's email requesting MNTS's fax number on December 14, 2021. (ECF No. 17 ¶¶ 44–46.) This allegation, standing alone, cannot support a claim for failure to accommodate, as it does not allege a denial of her request for accommodations.

Even ignoring the time bar, however, Teel fails to state a claim for failure to accommodate. To establish such a claim "an employee must show: (1) that he or she was an individual with a disability; (2) that the employer had notice of his or her disability; (3) that with reasonable accommodation, he or she could perform the essential functions of the position . . . and (4) that the employer failed to make such accommodations." *Peninsula Reg'l Med. Ctr. v. Adkins*, 137 A.3d 211, 220 (Md. 2016) (citing *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 579 (4th Cir. 2015)). "Implicit in the fourth element is the ADA [and MFEPA] requirement that the employer and employee engage in an interactive process to identify a reasonable accommodation." *Haneke v. Mid-Atl. Cap. Mgmt.*, 131 F. App'x 399, 400 (4th Cir.

2005) (citing 29 C.F.R. § 1630.2(o)(3)). "The duty to engage in an interactive process to identify a reasonable accommodation is generally triggered when an employee communicates to his employer his disability and his desire for an accommodation for that disability." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 346–47 (4th Cir. 2013). "During that process, an employer 'may require' medical documentation that '(1) describes the nature, severity, and duration of the employee's impairment, the activity or activities that the impairment limits, and the extent to which the impairment limits the employee's ability to perform the activity or activities; and, (2) substantiates why the requested reasonable accommodation is needed.'" *Rowlett v. Baltimore City Police Dep't*, No. CV 21-1205-BPG, 2023 WL 2664232, at *9 (D. Md. Mar. 28, 2023) (quoting EEOC Enforcement Guidance on Disability-Related Inquiries and Medical Examinations of Employees under the Americans with Disabilities Act. Question No. 10 (July 27, 2000), available at http://www.eeoc.gov/policy/docs/guidance-inquiries.html).

In this case, Teel requested an accommodation on September 27, 2021. (ECF No. 17 ¶ 39.) In response, Keena Story requested that Teel submit a medical inquiry form with supporting medical documentation by October 15, 2021. (*Id.* ¶ 40; ECF No. 19-3 at 3; ECF No. 21 ¶ 41.) However, Teel did not provide the documentation until January 10, 2022, when she attached a copy of MNTS's "Accommodation Medical Inquiry to Employee" form to her resignation email. (ECF No. 19-3 at 2.) This Court has previously "held that failure to provide such documentation constitutes a failure to participate in this investigatory process that bars an employer's liability for failure to accommodate." *Rice v. HAR-CO Credit Union*, No. CIV.A. RDB-13-3368, 2014 WL 4686669, at *4 (D. Md. Sept. 17, 2014) (citing *Berkner v. Blank*, Civ. A. No. DKC-12-1390, 2013 WL 951562, at *7 (D. Md. Mar. 11, 2013); *Ahmed v. Salvation Army*,

Civ. A. No. CCB-12-707, 2012 WL 6761596, at *9 (D. Md. Dec. 28, 2012)). This case is no different. Even taking Teel's other factual allegations as true, Teel's failure to provide medical documentation vitiates her failure-to-accommodate claim, as it evidences a lack of participation in the interactive process required by the MFEPA. Accordingly, Count II is DISMISSED WITH PREJUDICE.

## CONCLUSION

For foregoing reasons, it is this 12th day of March, 2024, ORDERED that:

1.  Defendant Maryland Natural Treatment Solutions, LLC's Motion to Dismiss (ECF
    No. 13) is MOOT;

2.  Defendant Maryland Natural Treatment Solutions, LLC's Partial Motion to
    Dismiss (ECF No. 19) is GRANTED;

3.  Count I is limited to events that post-date November 12, 2021;

4.  Count II is DISMISSED WITH PREJUDICE;

5.  The Clerk of the Court shall transmit copies of this Memorandum Order to counsel
    of record.

Dated: March 12, 2024

_____
/s/
Richard D. Bennett
United States Senior District Judge

13